IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SANTEE SIOUX TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 05-1382L<br>Chief Judge Edward J. Damich |

**ANSWER**

Defendant United States of America hereby submits the following Answer to the Plaintiff's Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Plaintiff's Complaint.

**PARTIES**

1. Defendant admits the allegations contained in Paragraph 1.

2. As to the allegations in Paragraph 2, Defendant admits that it holds lands in trust for Plaintiff. The remaining allegations in the paragraph are conclusions of law requiring no response.

**JURISDICTION AND VENUE**

3. Paragraph 3 consists of conclusions of law and Plaintiff's characterization of it case requiring no response.

**BACKGROUND**

4. As to the allegations in the first sentence of Paragraph 4, Defendant admits that Plaintiff occupies the Santee Sioux Reservation in Nebraska; that Plaintiff is the beneficial owner of certain lands and natural resources within the Reservation; and that Defendant holds title to those lands and natural resources in trust for Plaintiff's benefit. Further, Defendant denies that there are mineral

reserves (except gravel) on the Reservation lands held in trust for Plaintiff's benefit, and it avers that Plaintiff's allegation that the mineral reserves are "valuable" is vague and ambiguous, thus precluding Defendant from formulating a response thereto. As to the allegations in the second sentence, Defendant admits that portions of the Reservation lands beneficially owned by Plaintiff are used for grazing and agricultural purposes, and it avers that the allegation that lands used by Plaintiff for grazing and agricultural purposes are "valuable" is vague and ambiguous, thus precluding Defendant from formulating a response thereto.

5. Paragraph 5 contains Plaintiff's characterizations and conclusions of law, requiring no response. The cited statute provides the complete statement of its contents and speaks for itself.

6. Paragraph 6 contains Plaintiff's characterizations and conclusions of law, requiring no response. The cited Acts of Congress provide the complete statements of their contents and speak for themselves.

7. As to the allegations in the first sentence of Paragraph 7, Defendant admits that it has control and management over Plaintiff's trust property. Defendant avers that Plaintiff shares the control and management over Plaintiff's trust property and that the extent of Plaintiff's and of Defendant's control and management of Plaintiff's trust property is set forth in the provisions of and the regulations implementing, statutes, such as the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638 , as well as the contracts entered thereunder between Plaintiff and Defendant (commonly known as "638 contracts" or "Section 638 contracts"). As to the second sentence of Paragraph 7, Defendant admits that it has approved leases, easements and grants of other interests on Reservation lands held in trust for Plaintiff and that it has assumed responsibility for collection, deposit, investment and distribution of income generated by the Plaintiff's trust lands, and it denies the remaining allegations. As to the allegations in the third sentence of Paragraph 7,

Defendant admits that income generated by Plaintiff's trust lands includes funds generated by rents, easement and lease payments, grazing and agricultural leases, and judgments paid to the Tribe, and it denies the remaining allegations.

8. Paragraph 8 contains Plaintiff's characterizations and conclusions of law requiring no response. The cited court opinions provide the complete statements of their contents and speak for themselves.

9. Paragraph 9 contains Plaintiff's characterizations and conclusions of law requiring no response.

10. Paragraph 10 contains Plaintiff's characterizations and conclusions of law requiring no response.

11. Paragraph 11 contains Plaintiff's characterizations and conclusions of law requiring no response.

12. Paragraph 12 contains Plaintiff's characterizations and conclusions of law requiring no response. The cited Acts of Congress provide the complete statements of their contents and speak for themselves.

13. Paragraph 13 contains Plaintiff's characterizations and conclusions of law requiring no response. The cited Acts of Congress provide the complete statements of their contents and speak for themselves.

14. Paragraph 14 contains Plaintiff's characterizations and conclusions of law requiring no response. The cited statute provides the complete statement of its contents and speaks for itself.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. As to the allegations in the first sentence of Paragraph 17, Defendant admits that the Tribe

has filed suit against Defendants Gale Norton, Secretary of the Interior, and Paul H. O'Neill, Secretary of the Treasury, in the United States District Court for the District of Columbia, No. 1:03CV01602, and that the case is pending. The allegations in the second sentence of Paragraph 17 are Plaintiff's characterization of its case and conclusions of law, requiring no response. To the extent that a response to the allegations is required, Defendant denies those allegations.

**CLAIM FOR RELIEF - BREACH OF FIDUCIARY DUTY**

18. Defendant hereby incorporates by reference its responses to the allegations in Paragraphs 1 through 17 above.

19. Paragraph 19 contains conclusions of law requiring no response..

20. Paragraph 20 contains conclusions of law requiring no response.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. As to the allegations in Paragraph 23, Defendant avers that the term "an accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendant from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982) §§ 965-968), and Defendant denies the remaining allegations. Defendant avers that it has furnished and/or continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Santee Sioux Tribe of Indians" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Defendant's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; a follow-on report in 1997 entitled "Report on Applying Agreed-Upon Procedures and Consulting Services for the Santee Sioux Tribe;" and, from

1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies that were received by Defendant. Further, Defendant avers that it has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in, e.g., United States v. Sioux Nation of Indians, 207 Ct. Cl. 234 (1975); Sioux Nation of Indians v. United States, 220 Ct. Cl. 442 (1979), *aff'd*, 448 U.S. 371 (1980); and Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94 (1987).

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

The remainder of the Complaint constitutes Plaintiff's request for relief, to which Defendant responds as follows. Defendant denies that Plaintiff is entitled to "compensatory damages against Defendant, interest, costs, attorneys' fees, and all other and further relief as this Court deems just and proper," as Plaintiff has requested.

## GENERAL DENIAL

Defendant denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches and of equitable estoppel.

4. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including but not limited to Sioux Tribe of Indians v. United States, 97 Ct. Cl. 613 (1942); United States v. Sioux Nation of Indians, 207 Ct. Cl. 234 (1975); Sioux Nation of Indians v. United States, 220 Ct. Cl. 442 (1979), *aff'd*, 448 U.S. 371(1980); and Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94 (1987), those claims are barred in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 29th day of March, 2006.

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

s/ *Jennifer L. Allaire*
JENNIFER L. ALLAIRE
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division

Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

ELISABETH C. BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240