IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SANTEE SIOUX TRIBE,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | ) | Case No. 05-1382L<br>Chief Judge Edward J. Damich |

**JOINT MOTION FOR ENLARGEMENT TIME WITHIN WHICH TO FILE JOINT MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff Santee Sioux Tribe and Defendant United States of America respectfully submit this joint motion for a 30-day enlargement of time, to and including July 17, 2006, within which to file a Joint Motion for Protective Order, as requested by the Court. This joint motion is the parties' first such motion. The grounds for the joint motion are as follows:

1. Pursuant to RCFC Appendix A, ¶¶ 3-4, the parties were obligated to confer and file a joint preliminary status report ("JPSR") on May 22, 2006. On May 15, 2006, the parties filed a joint motion for 120-day enlargement of time, to and including September 19, 2006, to file their joint preliminary status report ("Joint Enlargement Motion"). In their motion, the parties informed the Court that "Plaintiff [had] filed a parallel case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Santee Sioux Tribe v. Norton, No. 1:03cv01602 (D.D.C.) (RCL); "the parties had agreed to engage in settlement discussions in the District Court case; and the scope of those proposed settlement discussions would include the issues and claims that Plaintiff raised in this case." Joint Enlargement Motion at 1.

2. On May 18, 2006, this Court issued an order, granting, in part, the parties' Joint

Enlargement Motion. In its Order, the Court directed the parties to file a joint status report on or before June 2, 2006, describing the status of the parties' settlement discussions and what the parties expect to accomplish during their requested 120-day extension. The parties complied with the Court's direction on June 2.

3. Anticipating the need to ensure the confidentiality of their settlement discussions, the parties filed a Joint Stipulation and [Proposed] Order regarding the Confidentiality of Settlement Discussions ("Joint Stipulation") on May 30, 2006. In the joint stipulation, the parties agreed that all settlement communications, whether written or oral, would be kept confidential, and would not be disclosed to any person or entity seeking their disclosure by any means, including but not limited to requests submitted to the Department of the Interior, the Department of the Treasury, and the Department of Justice, under the Freedom of Information Act, 5 U.S.C. § 552. Joint Stipulation, dated May 30, 2006, at 2.

4. On May 31, 2006, the Court issued an Order, striking the Joint Stipulation Regarding Confidentiality of Settlement Discussions and directing the parties to file a Joint Motion for Protective Order on or before June 16, 2006. Order, dated May 31, 2006.

5. Undersigned counsel for Defendant contacted counsel for Plaintiff about the proposed Joint Motion for Protective Order on June 5, and June 8, 2006, but, because of the demands of unrelated litigation, other work, and/or business-related travel, counsel for the parties were unable to confer about the Joint Motion until June 9, 2006. During that conference call, counsel for the parties agreed to schedule a conference call on June 16, 2006, with all of the litigation counsel working on this case, so as to discuss the substantive contents of the Joint Motion; the drafting process; the timing of the drafting; and the need for internal review and comment, especially by

Defendant's client agencies. Counsel for the parties are unable to schedule the call earlier than June 16 because of their various work-related unavailabilities and schedule conflicts.

6. The parties request the 30-day enlargement of time to file the Joint Motion for Protective Order so they can have adequate time to confer about the factual and legal merits of the Joint Motion; research and prepare the document; circulate it for review, especially by Defendant's client agencies; incorporate and address comments; and finalize and file it.

7. On the one hand, the granting of this joint motion for enlargement of time will not unduly prejudice the rights and interests of the parties in this case. On the other hand, the denial of the enlargement motion will interfere with the parties' ability to discuss with one another the factual and legal bases of the Joint Motion for Protective Order and to prepare and present to the Court for adjudication an adequately researched and drafted motion that properly and squarely frames the issues.

Wherefore, the parties respectfully request that their motion be GRANTED.

Respectfully submitted this 9th day of June 2006,

*s/ Stuart S. Mermelstein*
STUART S. MERMELSTEIN
JEFFREY M. HERMAN
Herman & Mermelstein, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL 33160
Tel: (305) 931-2200
Fax: (305) 931-0877

Attorney for Plaintiff

*s/ Jennifer L. Allaire*
JENNIFER L. ALLAIRE
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE

United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

ELISABETH C. BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240