IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SANTEE SIOUX TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1382L |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**PARTIES' JOINT STATUS REPORT**

Pursuant to this Court's Order of May 18, 2006, Plaintiff Santee Sioux Tribe and Defendant United States of America ("parties"), by and through undersigned counsel, respectfully submit the following Joint Status Report and state as follows:

1. On May 15, 2006, the parties filed a joint motion for 120-day enlargement of time, to and including September 19, 2006, to file their joint preliminary status report ("Joint Enlargement Motion"). In their motion, the parties stated that "Plaintiff [had] filed a parallel case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Santee Sioux Tribe v. Norton, No. 1:03cv01602 (D.D.C.) (RCL)," and that, "[a]fter the filing of that case in 2003, the parties agreed that they would engage in settlement discussions." Joint Enlargement Motion at 1. Further, the parties stated that "the scope of those proposed settlement discussions would include the issues and claims that Plaintiff has raised in this case." Id.

2. On May 18, 2006, this Court issued an order, directing the parties, in relevant part, to file a joint status report on or before June 2, 2006, describing the status of the parties' settlement discussions and what the parties expect to accomplish during their requested 120-day extension.

**Status of Settlement Discussions**

3. Counsel for Plaintiff has brought several cases, on behalf of other Tribes, against Defendant, in this Court and in the United States District Court for the District of Columbia, that present trust accounting and trust mismanagement claims that are substantially similar to the ones raised in this case and in Plaintiff's parallel case in the United States District Court. Given the similarities between the cases, counsel for Plaintiff determined that the settlement discussions in those other cases — in particular, the ones brought by the Yankton Sioux Tribe[1] and the Oglala Sioux Tribe[2] — would serve as model or template approaches, which would inform and influence the settlement approach to be used for this case and the parallel District Court case.

4. Given the determination by Plaintiff's counsel, the parties have been engaged in settlement negotiations in the cases brought by the Yankton Sioux Tribe since 2003. Counsel for the parties have held about four settlement meetings and numerous telephone conference calls. Defendant has provided copies of certain relevant documents to the Tribe, including a 1996 report, entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Yankton Sioux Tribe, for Fiscal Years 1973-1992," which set forth the results of a project by the Interior Department in the 1990s to reconcile the Tribe's trust fund accounts for Fiscal Years 1973-1992.

[1] Yankton Sioux Tribe v. Kempthorne, No. 1:03cv1603 (D.D.C.) (RCL) (filed on July 28, 2003), and Yankton Sioux Tribe v. United States, No. 05-1291L (Fed. Cl.) (Block, J) (filed on December 14, 2005).

[2] Oglala Sioux Tribe v. Kempthorne, No. 1:04cv01126 (D.D.C.) (RCL) (filed on June 30, 2004), and Oglala Sioux Tribe v. United States, No. 05-1378L (Fed. Cl.) (Hodges, J.) (filed December 28, 2005).

5. The Yankton Sioux Tribe made a settlement offer to Defendant in 2003; furnished Defendant with supplemental supporting materials in 2004, in response to Defendant's request; and revised its offer in 2005. Defendant reviewed the Tribe's original and revised settlement offers with its experts, as well as Interior and Treasury Department officials, after receiving them in 2003 and 2005. Further, Defendant deployed its experts — historians, accountants, and a resource consultant — to research, collect and code relevant data and documentation, and analyze the issues and claims raised by the Tribe in the litigation and the settlement offer. Using its work and the work of its experts, Defendant developed and provided a settlement response and counter-offer to the Tribe in early 2006. Representatives of the parties, including the Tribe's litigation counsel (Plaintiff's counsel herein), Tribal officials, the counsel to the Tribe, undersigned counsel for Defendant, and officials from the Departments of the Interior and of the Treasury, conducted a settlement meeting in March 2006. Further, counsel for the parties conferred by telephone with the Interior Department in May 2006. The Tribe is in the process of developing a settlement response, another revised offer, and additional materials in support of its settlement position.

6. The parties are using a similar settlement approach for the lawsuits brought in this Court and the United States District Court by the Oglala Sioux Tribe. The Tribe presented Defendant with a settlement demand in May 2006. Defendant is in the process of reviewing and evaluating the demand with its expert historians, accountants, and resource consultant, as well as Interior and Treasury Department officials. Additionally, Defendant's experts are in the process of researching and collecting relevant documents and data.[3] Upon completion of their tasks,

[3] Defendant has provided to the Tribe copies of certain documents that Defendant has collected, including a 1996 report, entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Oglala Sioux Tribe of Indians for Fiscal Years 1973-1992," (continued...)

Defendant's experts will prepare appropriate analyses, which will form, in part, the basis for Defendant's settlement response and counter-offer to the Tribe.

**Anticipated Settlement Activities**

7. In this case, as well as Plaintiff's parallel case in the United States District Court, Plaintiff's counsel has determined to adopt and implement the same settlement approach used by the parties in the cases brought by the Yankton Sioux Tribe and the Oglala Sioux Tribe.

8. Accordingly, Plaintiff intends to provide Defendant with a detailed written settlement demand, specifying its claims and the underlying factual and legal bases, by June 30, 2006. Plaintiff intends to make any requests for data or documentation that it deems necessary to facilitate settlement discussions by August 1, 2006. The parties will conduct settlement meeting(s), as appropriate, after September 5, 2006.

9. After receiving Plaintiff's settlement demand, Defendant will review and confer about it with its experts, as well as Interior and Treasury Department officials. Additionally, Defendant will instruct and deploy its experts to conduct research, gather documents and data, and perform analyses relating to the issues and claims raised by Plaintiff, as appropriate. Upon the completion of its work and the work of its experts, Defendant will evaluate the results and prepare a settlement response and counter-offer to Plaintiff. Defendant will meet and confer with Plaintiff about its response and counter-offer, as needed. At this time, Defendant expects that it will take at least 4 to 6 months to undertake the work required to prepare a full and adequate settlement response and counter-offer.

[3](...continued)
which set forth the results of Defendant's project in the 1990s to reconcile Tribal trust fund accounts for Fiscal Years 1973-1992.

Respectfully submitted this 12th day of June, 2006,

*s/ Jeffrey M. Herman*
*(by Jennifer L. Allaire)*
JEFFREY M. HERMAN
Herman & Mermelstein, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL 33160
Tel: (305) 931-2200
Fax: (305) 931-0877

Attorney for Plaintiff

OF COUNSEL:

STUART S. MERMELSTEIN
Herman & Mermelstein, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, FL 33160
Tel: (305) 931-2200
Fax: (305) 931-0877

*s/ Jennifer L. Allaire*

JENNIFER L. ALLAIRE
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

ELISABETH C. BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240