IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SANTEE SIOUX TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 05-1382L<br>Chief Judge Edward J. Damich |

**DEFENDANT'S MOTION FOR TEMPORARY STAY OF LITIGATION**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), Defendant United States of America respectfully makes this motion for a temporary stay of litigation. This motion is Defendant's first such motion. The grounds for Defendant's motion are as follows:

1. On June 23, 2006, counsel for Defendant received a copy of Plaintiff's Tribal resolution, dated June 22, 2006. See Defendant's Exhibit ("Def. Exh.") 1. The resolution stated, in relevant part, that Plaintiff was "terminat[ing] the June 3, 2003 Contingency Fee Retainer Agreement with [the law firm of] Herman & Mermelstein, and direct[ing] Herman & Mermelstein to cease representation of the Santee Sioux Tribe." Def. Exh. 1, at 4. Defendant's counsel contacted Stuart Mermelstein about the Tribal resolution on June 27 and sent him a copy of it. Id.

2. On June 30, 2006, the Herman & Mermelstein law firm filed an unopposed motion to withdraw as counsel for Plaintiff in this case. The motion stated, in relevant part, that "[t]here exist irreconcilable differences between [counsel for Plaintiff] and Plaintiff, SANTEE CREEK SIOUX TRIBE, with regard to the above-styled matter." Unopposed Motion to Withdraw as Plaintiff's Counsel, dated June 30, 2006, at 1. The firm requested that it be permitted "to withdraw from representation of the Plaintiff, and that this Court enter an Order that said counsel is relieved

from any further responsibility in this cause." Id., at 1.

3. On July 5, 2006, this Court issued an Order directing the Herman & Mermelstein firm "to file notice with the court on or before **July 12, 2006**, that a copy of this Order has been provided to Plaintiff." Order, dated July 5, 2006, at 1 (emphasis in the original). Additionally, the Court instructed Plaintiff "to obtain new counsel as required pursuant to RCFC 83.1(c)(8), and the new counsel to file a motion to appear, on or before **September 5, 2006**." Id. (emphasis in the original). The Court stated that it would dismiss the case for failure to prosecute "[i]f a motion to appear by new counsel is not filed by that date." Id. The Court did not address the disposition of the case, pending compliance by Plaintiff with its Order.

4. As this Court is aware, two filing deadlines are currently pending in the case. The first deadline falls on July 17, 2006, and is for the filing of a joint motion for an order protecting the confidentiality of the parties' settlement discussions. The second deadline is September 19, 2006, and is for the filing of the parties' Joint Preliminary Status Report ("JPSR") in accordance with RCFC Appendix A.

5. Given the June 23, 2006 Tribal Council resolution; the June 30, 2006 motion to withdraw as counsel; and the July 5, 2006 Order, it is unclear, at this time, how this case will proceed; whether Plaintiff will retain new counsel; and when Plaintiff's new counsel, if any, will enter an appearance. Further, it is uncertain if the current situation will be resolved and clarified in the near future. Certainly, it is unlikely to be resolved before July 17, 2006, i.e., the deadline for the parties to file a joint motion for protective order. In order for the parties to comply with the deadline for filing the joint motion, counsel for Plaintiff and Defendant will have to confer, prepare and exchange drafts of the proposed joint motion, review and revise the draft motion, and finalize it for

filing. Under the present circumstances, Defendant does not believe that it will be possible for the parties accomplish all of these activities in time to file the joint motion, especially given the fact that Plaintiff does not appear to be represented by counsel or, based on the June 23 Tribal resolution, to be aware of the filing of this case. Moreover, Plaintiff's new counsel may advise Plaintiff to withdraw this case, or to pursue it without engaging in settlement discussions, both of which would moot the need for the joint motion now due July 17, 2006.

6. Accordingly, Defendant respectfully requests that the Court enter a temporary stay of litigation in this case, at least until after Plaintiff has retained new counsel for the case and Plaintiff's new counsel has entered an appearance herein, as directed by the Court. Further, after such entry of appearance, Defendant respectfully proposes the following:

a. Counsel for Defendant and Plaintiff be permitted an adequate opportunity (e.g., 30 or 45 days) to confer with each other and consult with their respective clients or client agencies about the litigation, the possibility of settlement discussions, the joint motion for protective order, and the JPSR, as well as an appropriate schedule for addressing those matters, and other related issues; and

b. The parties submit, within a reasonable amount of time thereafter (e.g., 30 days), a joint status report and proposed scheduling order to the Court regarding the case, the filing of the joint motion for protective order and the JPSR, and any other relevant matters.

7. Undersigned counsel for Defendant called the Herman & Mermelstein law firm to confer about this motion on July 10, 2006. Defendant's counsel was informed that Messrs. Herman and Mermelstein would be out of the office until July 11, 2006. As a result, counsel for Defendant was unable to obtain their position regarding this motion. Additionally, as part of this filing,

Defendant's counsel sent a true and accurate copy of this motion, by regular, first-class United States mail to Plaintiff at the following address:

Santee Sioux Nation
Council Headquarters / Museum
108 Spirit Lake Avenue West
Niobrara, NE 68760-7219

8. On the one hand, the granting of this motion will not unduly prejudice the rights and interests of the parties in this case. In fact, it will aid the parties, especially Plaintiff, and the Court, by clarifying such crucial matters as whether Plaintiff is aware of this case; whether Plaintiff wishes to continue its prosecution, and, if so, how and in what manner; and whether Plaintiff wishes to engage in settlement discussions or litigation. Further, it will serve the interests of the parties and promote judicial efficiency and economy. On the other hand, the denial of this motion will cause prejudice to Plaintiff's position and interests. Among other things, Plaintiff will not be represented by counsel in the filing of the joint motion for protective order or in the conduct of settlement discussions.

WHEREFORE, Defendant respectfully requests that its motion for a temporary stay of litigation be GRANTED.

Respectfully submitted this 10th day of July, 2006,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

*s/ Jennifer L. Allaire*
JENNIFER L. ALLAIRE, NJ Bar #4419-2002
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456

Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

ANTHONY P. HOANG, FL Bar #798193
MARTIN J. LALONDE, IL Bar #6218249
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Tel: (202) 305-0456
Fax: (202) 353-2021

ELISABETH BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240